David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Suite 460
Phoenix, AZ 85016
(602) 265-3332
(602) 230-4482

Attorneys for Plaintiff
Javier Hernandez

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Javier Hernandez | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| ARS National Services Inc. | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Javier Hernandez, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of ARS National Services Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

12. Plaintiff is a natural person who resides in the City of Yuma, State of Arizona.

13. Defendant is located in the City of Escondido, in the State of California.
14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

16. Sometime before June 16, 2011, Plaintiff is alleged to have incurred certain financial obligations.
17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).
18. Sometime thereafter, but before June 16, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.
19. Subsequently, but before June 16, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.
20. On or about June 16, 2011, Defendant telephoned Plaintiff and demanded payment of the alleged debt.
21. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).
22. During Plaintiff's conversation with Defendant, Plaintiff requested to receive something in writing regarding the alleged debt; however, Defendant refused.
23. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

24. Later during this conversation, when Plaintiff kept insisting on receiving something in writing before agreeing to making a payment, Defendant's agent stated, "We'll just call your commanding officer and make you pay this way."

25. This statement by Defendant was an attempt to threaten and extort a payment from Plaintiff a United States Marine.

26. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

27. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

28. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

29. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

30. At that time, upset and and shaken from Defendant's threats, Plaintiff ended the telephone call.

31. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified

Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

32. Defendant has subsequently called Plaintiff several times and left voicemails for Plaintiff.

33. In Defendant's voicemails, Defendant's agents failed to identify the company they were calling on behalf of, and failed to state that the call was from a debt collector.

34. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity. Consequently, Defendant violated 15 U.S.C. § 1692d(6).

35. Defendant failed in subsequent communications to inform Plaintiff that the communication was from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

36. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

39. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: July 8, 2011               By: _/s/ David McGlothlin_
                                     David McGlothlin
                                     Attorneys for Plaintiff